IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Case No.  22-10071-1-JWB

ARMANI R. MASON,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the parties' joint motion for relief under Federal Rule of Criminal Procedure 37.  (Doc. 53.)   The motion is DENIED for the reasons stated herein.

**I.    Facts and Procedural History**

On September 20, 2022, the government filed a complaint, alleging that Armani Mason and co-Defendant Michelle Terrell committed two armed robberies. (Doc. 1.)  Shortly thereafter, the government filed an Information, charging Defendant in two counts with robbery under 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to the robbery under 18 U.S.C. § 924(c)(1)(A)(i).  (Doc. 14.)  Defendant then pleaded guilty to the charge of brandishing a firearm during and in relation to the robbery.  (Doc. 25.)

In the plea agreement, Defendant admitted that he entered the McDonald's restaurant in Wichita, Kansas, brandishing a firearm and demanded money from the minor employee, C.M.  The employee was in fear for his or her life and gave Defendant approximately $68.00 from the drawer. (*Id.* at 2.)  According to the presentence report, Defendant had previously brandished a firearm at another McDonald's in Wichita, Kansas and robbed a different minor victim.  (Doc. 34 at 5–6.)

1

The government agreed to recommend a total sentence of 7 years in prison which was the mandatory minimum sentence under the statute. (Doc. 25 at 3.)

On January 3, 2023, the sentencing hearing was held. (Doc. 37.) During the hearing, the parties both requested that the court sentence Defendant to 7 years. The statutory maximum in this case was life. Prior to hearing from Defendant, the court inquired as to whether the victims were present at sentencing. Government counsel responded that the victims had been informed but that he did not believe that anyone was present. (Doc. 48 at 2.) The court proceeded to sentencing. During the hearing, the parties agreed that they did not have any objections to the presentence report. Defense counsel argued that Defendant was truly remorseful and quickly admitted his guilt. (*Id.* at 5.) Defense counsel asserted that Defendant and Terrell, who was his significant other, committed these crimes because Terrell had suffered a miscarriage and they wanted to "try to get some money because it just seemed like, well, if you have money, you can make things happen." (*Id.* at 6.) Defendant apologized for his conduct and stated that his head was cloudy at the time of the criminal activity. (*Id.* at 9.)

The court then proceeded to the sentencing factors under 18 U.S.C. § 3553(a).[1] The offense conduct involved Defendant robbing two McDonald's and then he was arrested when he was going into a third McDonald's with the intent to rob it. The court extensively discussed the offense conduct which included robbing juveniles by brandishing a firearm and, in the convicted offense, telling the victim that he was going to shoot him if he didn't comply. (Doc. 48 at 13.) The presentence report indicated that Defendant told the victim that he was going to shoot him at least twice. The court specifically found that such conduct was "significantly more egregious conduct

---

[1] The court notes that the discussion contained in this order is a brief summary of the court's reasoning and discussion of the factors. It is not intended to be an exhaustive review or stand as the sole reasons for imposing the sentence that was imposed in this case. The transcript of the sentencing hearing provides a more comprehensive discussion. (Doc. 48.)

2

than Congress described as sufficient to get someone a low end of the penalty range of seven years." (*Id.* at 14.) Defendant then went to another McDonald's and robbed a second minor victim. Based on a review of the conduct, criminal history, and the statutory factors, the court determined that a seven-year sentence was not appropriate. Rather, a ten-year sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law and provide just punishment. The court again stated that threats against juveniles merited something above the statutory minimum. (*Id.* at 18.) After informing the parties of the tentative sentence, the court provided defense counsel with an opportunity to object. Defense counsel was heard on the record. The court overruled the objections to the proposed sentence and proceeded to sentence Defendant.

Unfortunately, the record does not clearly reflect Defendant's contemptuous conduct during imposition of sentence. As part of its standard practice, the court ordered the Defendant to stand for imposition of sentence. While the court was imposing sentence, Defendant turned his back toward the court and proceeded to sit on counsel table. This event occurred immediately prior to the Court pausing and stating to Defendant, "I'm not done with you yet. You sure you want to go this route? I have a life sentence to play with and I'm not finished, so you better get right. Now." (*Id.* at 31.) Defense counsel promptly undertook efforts to regain Defendant's compliance, and Defendant begrudgingly got off the table and stood to face the court again. Again, although not stated on the record, the actions by Defendant were in clear conflict with his stated expression of remorse and accountability. The actions reflected a clear contempt for the court. The sentencing concluded shortly thereafter.

Unbeknownst to the court, a family member of one of the minor victims was present in the courtroom. (Doc. 53 at 2.) The family member informed the government after the hearing that the victim wanted to pass along the message that the victim "appreciated Mason's apology and felt that he was genuinely remorseful." (*Id.*)

Defendant timely filed an appeal to the Tenth Circuit Court of Appeals. (Doc. 41.) The parties now jointly request a ruling by the court on the issue of whether the court would conduct further proceedings to determine whether to reduce Defendant's sentence if the court of appeals were to remand for that purpose. (Doc. 53 at 3.)

## II.     Analysis

Because this matter is currently pending on appeal, this court lacks jurisdiction to enter any ruling pertaining to Defendant's sentence. Under Federal Rule of Criminal Procedure 37, however, the court may consider this motion and enter one of the following: 1) an order deferring consideration on the motion; 2) a denial of the motion; or 3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The court denies the motion as it would not conduct further proceedings to "reduce" Defendant's sentence.

Under 18 U.S.C. § 3771(a)(4), victims generally have a right to be heard during sentencing. If the victim is a minor, a family member may assume the crime victim's rights. *Id.* § 3771(e)(2). While the court believes that it is important to hear from victims at sentencing and would have heard from the victim's family member had the court been advised that the family member wished to be heard, the victim's message that was to be relayed to the court would not have impacted this court's sentencing decision. As discussed, the court held that a sentence of seven years was not sufficient in this case to address the statutory sentencing factors. Notably, Defendant's conduct

4

involved not one but two minor victims. Moreover, Defendant threatened to shoot one minor victim at least twice. While the court appreciates one of the minor victims'[2] feelings regarding Defendant's remorsefulness, that is not sufficient to reopen the hearing for the purpose of considering a reduction to Defendant's sentence. In addition to the criminal conduct and his criminal history, Defendant's conduct during sentencing demonstrated that he does not have respect for this court.

The undersigned should have done a better job of ensuring that Defendant's contemptuous behavior was more clearly documented in the record. The court takes this opportunity to correct that mistake. Given that defense counsel quickly brought her client back into compliance, the court proceeded to finish imposing sentence and the hearing concluded. Nevertheless, Defendant's misconduct belies his purported feelings of remorse. What was clear from the timing and circumstance of his behavior is that Defendant was angry that the court refused to go along with the parties' recommendation for a seven-year sentence, and this was his way of showing it. This misconduct is not consistent with genuine remorse and acceptance of responsibility.

Given Defendant's criminal conduct and his blatant disrespect for the court during the sentencing proceeding, the court is not inclined to reopen sentencing for the purpose of reducing Defendant's sentence on the basis of one victim's acceptance of Defendant's apology. If given the opportunity to reopen sentencing, not only would the court not consider reducing Defendant's sentence based on the input from the minor victim, but the court would instead take such an opportunity to consider increasing his sentence to account for his contemptuous conduct at sentencing, particularly since the sentence imposed did not take this misconduct into account.

**III.    Conclusion**

---

[2] The brief does not indicate which minor victim's family member was present.

The parties' joint motion for relief (Doc. 53) is DENIED.

IT IS SO ORDERED.  Dated this 26th day of May 2023.

>   \_\_s/  John Broomes _____
>   JOHN W. BROOMES
>   UNITED STATES DISTRICT JUDGE